IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED

11/20/2025

LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

A.S.C., by his Mother,                    )
                                          )
                Plaintiff,                )
                                          )
v.                                        )        Civil Action No. 5:24-cv-00072
                                          )
Samantha St. Clair,                       )
                                          )
                Defendant.                )

**MEMORANDUM OPINION**

This matter is before the court on Plaintiff A.S.C.'s Motion to Extend Discovery Deadline, (Dkt. 66), and Motion for Extension of Time, (Dkt. 68). For the following reasons, A.S.C.'s motions will be denied.

## I.        Background

The underlying facts and procedural history are set out in detail in this court's previous memorandum opinions. (Dkt. 28); (Dkt. 58) (granting in part Defendants' motion to dismiss A.S.C.'s amended complaint).) The court restates them here as relevant to the present motions.

On August 24, 2023, A.S.C. was punched by another student, R.S., during a physical education class at Skyline Middle School.[1] (Am. Compl. ¶¶ 1, 8 (Dkt. 31).) A.S.C. suffered severe injuries to his face and jaw. (Id. ¶¶ 20, 67.)

---

[1] For purposes of this motion, the court assumes as true the facts alleged in A.S.C.'s operative complaint. (Dkt. 31.)

After his original complaint was dismissed in part, (Dkt. 29), A.S.C. filed an amended complaint alleging supervisory liability claims against the School Board and principal Robert Johnson, (Dkt. 31). Additionally, A.S.C. alleged a gross negligence claim against Samantha St. Clair, a student support coach who witnessed part of the altercation and walked away before R.S. punched A.S.C. (*Id.* ¶¶ 103–07.) On September 30, 2025, the court dismissed the School Board and Johnston from the case with prejudice, leaving St. Clair as the only remaining defendant. (*Id.*)

The court had previously issued its scheduling order on January 13, 2025. (Dkt. 23). At the parties' request, U.S. Magistrate Judge Joel C. Hoppe modified the scheduling order, setting the discovery deadline as October 15, 2025. (Dkt. 26.)

On October 28, A.S.C. filed a motion for reconsideration of the court's order dismissing Johnston and the School Board as defendants. (Dkt. 62.) On October 31, 2025, the court held a status conference with the parties. (Dkt. 63.) During the conference, A.S.C.'s counsel noted that they also intended to move this court to extend the discovery deadline, which had lapsed two weeks prior. The court encouraged A.S.C. to do so expeditiously, hoping to avoid continuing the jury trial scheduled for February 2, 2026. In such an event, the court noted, the trial may face a delay until 2027, especially given A.S.C.'s counsel's representation that they would need ten (10) days to try the case, irrespective of the number of defendants and claims remaining.

Immediately after the status conference, the court set an expedited briefing schedule on A.S.C.'s motions, citing "the approaching trial date." (Dkt. 64 at 1.) Specifically, the court ordered that "[i]f Plaintiff intends to file a motion to reopen and extend the discovery

deadline," he must "file such a motion by 5 p.m., November 5, 2025." (*Id.*) The court also vacated the deadlines for filing and hearing dispositive motions. (*Id.*)

A.S.C. did not file any motion on or before November 5. A week after the deadline, on November 12, 2025, A.S.C. filed a "Motion to Extend Discovery Deadline." (Dkt. 66.) Nowhere in the motion and its accompanying memorandum did A.S.C. acknowledge his failure to meet the court-ordered deadline.

On November 13, 2025, the court issued an oral order noting that A.S.C. failed to follow the court's deadline. (Dkt. 67.) The court stated that, to proceed, A.S.C. "should expeditiously file a motion for the court to accept his late filing." (*Id.*) Specifically, the court asked A.S.C. to explain "why and how his late Motion for Extension of Time to Complete Discovery should be deemed timely," such as by a showing of "excusable neglect" under Rule 6(b)(1)(B). (*Id.*)

On November 14, 2025, A.S.C. filed the pending "Motion for Extension of Time." (Dkt. 68.) In it, A.S.C. offered the following explanation for failing to follow the court's deadline: "Due to previously scheduled court appearances, the time required to prepare the Motion to Extend Discovery Deadline and Memorandum in Support, and a federal holiday, the Plaintiff was not able to file his motion until a week [after the deadline]." (*Id.*) St. Clair filed her opposition the next day. (Dkt. 71.)

## II.    Standard of Review

### A.       Rule 6(b)(1)(B)

When a party's filing is untimely, the party must satisfy the excusable neglect standard imposed by Federal Rule of Civil Procedure 6(b)(1). *See* Fed. R. Civ. P. 6(b)(1)(B) ("When an

act may or must be done within a specified time, the court may, for good cause, extend the

time. . . on motion made after the time has expired if the party failed to act because of

excusable neglect.").

"Whether neglect is 'excusable' has been described by the Supreme Court as 'at bottom

an equitable [inquiry], taking account of all relevant circumstances,' including the following:

(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential

impact on judicial proceedings; (3) the reason for the delay, including whether it was in the

reasonable control of the movant; and (4) whether the movant acted in good faith." *Fernandes

v. Craine*, 538 F. App'x 274, 276 (4th Cir. 2013) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs.

Ltd. P'ship*, 507 U.S. 380, 395 (1993)).    The Fourth Circuit has "stressed that the

third *Pioneer* factor — the reason for the delay — is the 'most important.'"    *Id.* (quoting

*Thompson v. E.I. DuPont de Nemours & Co.*, 76 F.3d 530, 534 (4th Cir. 1996)).    "'Excusable

neglect' is not easily demonstrated, nor was it intended to be." *Thompson*, 76 F.3d at 534.

**B.        Rule 16(b)(4)**

"A Rule 16 scheduling order is not an aspirational schedule to be ignored if

inconvenient, but rather an order that must be obeyed absent good cause." *Wonasue v. Univ.

of Maryland Alumni Ass'n*, No. PWG-11-3657, 2013 WL 5719004, at *2 (D. Md. Oct. 17,

2013); *see* Fed. R. Civ. P. 16(b)(4) (providing that a scheduling order "may be modified only

for good cause and with the judge's consent.").    "Disregard of the order would undermine

the court's ability to control its docket" and "disrupt the agreed-upon course of the

litigation." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 610 (9th Cir. 2002).

To show "good cause," "the party seeking relief [must] show that the deadlines cannot reasonably be met despite the party's diligence." *Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012) (quotation omitted). Accordingly, "[i]f the party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. "Good cause comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700-01 (10th Cir. 2017) (quotations and citation omitted).

### III.    Analysis

#### A.    Motion for Extension of Time

The court begins with the third, and the most important, *Pioneer* factor: the reasons for A.S.C.'s failure to comply with the court's order. Again, A.S.C. states that he did not comply with the court's deadline due to (1) "previously scheduled court appearances," (2) "the time required to prepare the Motion to Extend Discovery Deadline and Memorandum in Support," and (3) "a federal holiday." (Dkt. 68 at 1.)

These explanations fall short in showing excusable neglect. "Ignorance of when a time period expires does not qualify as excusable neglect, nor does a busy schedule." *Cook v. McQuate*, No. 7:15-cv-456, 2017 WL 11707885, at *2 (W.D. Va. Oct. 5, 2017) (cleaned up) (quoting 1 James Wm. Moore et al., Moore's Federal Practice ¶ 6.06(3)(c)); *see also, e.g., Draper v. KK Ford, LP*, 196 F. App'x 264, 265 (5th Cir. 2006) ("A busy practice does not constitute excusable neglect."); *Stonkus v. City of Brockton Sch. Dep't*, 322 F.3d 97, 101 (1st Cir. 2003) ("[The] fact that appellant's attorney was 'preoccupied' with other matters [does] not

5

constitute excusable neglect.")    A.S.C.'s counsel were assumedly aware of their previous commitments and could have requested an extension if needed.  Further, A.S.C. offers no explanation, nor could he, why a federal holiday—presumably Veteran's Day on November 11—should have contributed to his failure to comply with the Court's deadline of November 5.

The first *Pioneer* factor—the danger of prejudice to the non-movant—also weighs against A.S.C.  As the court noted in the status conference, the court will likely be forced to continue the trial if discovery recommences.  Given the court's calendar and A.S.C.'s request for a ten-day trial, it would be difficult to re-schedule this trial to occur before 2027.  Thus, A.S.C.'s contention that his "short delay will not result in prejudice [to] the Defendant or impact remaining deadlines set in this matter," (Dkt. 68 at 1), is incorrect.  *Cf. Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 527 (E.D. Va. 2018) (noting that "[a] non-moving party can suffer prejudice when a stay is reasonably expected to cause a significant delay in proceedings," with a potential delay of four to six months being "significant").

For these reasons, the court will deny as untimely A.S.C.'s Motion to Extend Discovery Deadline, (Dkt. 66), and deny his Motion for Extension of Time, (Dkt. 68).

**B.        Motion to Extend Discovery Deadline**

Even if A.S.C. had shown excusable neglect for filing his motion to extend the discovery deadline out of time, this court would have denied it.  A.S.C.'s motion to reopen discovery did not demonstrate "good cause" to modify the court's scheduling order.

6

A.S.C. would seek two pieces of discovery: a Rule 30(b)(6) deposition and the educational records of R.S. The court examines whether A.S.C. has shown good cause for his failure to obtain this discovery.

### 1. Rule 30(b)(6) deposition

First, A.S.C. seeks additional time to conduct a Rule 30(b)(6) deposition of a representative from the Warren County School Board. (Dkt. 66-1 at 2.) A.S.C. first noticed this deposition on September 16, 2025, about a month before close of discovery. (*Id.*) The 30(b)(6) notice of deposition sought information on eight topics.[2]

Plaintiff and defense counsel disagreed about the deposition's complexity: St. Clair asserted that up to seven employees may be required to answer all eight topics, while A.S.C. insisted that the superintendent of Warren County Public Schools alone could sufficiently answer. (*Id.* at 4-5.) Approximately two weeks before the discovery deadline, A.S.C. informed St. Clair's counsel that he would narrow the scope of the deposition to only four of the previous eight topics. (*Id.* at 5.) However, A.S.C. states that because of "scheduling conflicts," (*id.* at 2), and the fact that "counsel for Defendant did not identify available dates for the deposition," (*id.* at 5), the deposition did not occur before the deadline even with this narrowed scope.

---

[2] Specifically, A.S.C.'s 30(b)(6) deposition notice requested information on "[t]he operation, supervision, requirements, goals, and methodology use by Defendant Warren County School Board in (1) its hiring of administrators and school-based staff ('staff'), including both professional and classified staff, (2) the training provided to staff on safety and security of students, staff, faculty and facilities, (3) the training provided to staff regarding discipline and intervention by faculty and staff before, during, and after fighting, (4) how administrators and school staff identify and share information about students who are high risk for misbehavior, (5) alternative student placements for students that have had disciplinary issues (6) the Warren County Student Handbook and Student Code of Conduct, (7) training of staff on managing students with special needs, psychological or psychiatric issues, or mantal health problems, and (8) staff training on Diversity, Equity, and Inclusion, and all aspects of the Pupil Services Department related to supporting the diverse needs of students." (Dkt. 66-1 at 4.)

"The burden for demonstrating good cause rests on the moving party." *Bragg Communities, LLC v. Illinois Union Ins. Co.*, No. 5:14-CV-240-F, 2016 WL 7442706, at *3 (E.D.N.C. June 10, 2016). And as an initial matter, A.S.C. does not provide enough information to show that he diligently pursued this deposition. Specifically, while A.S.C. states that "counsel for Defendant did not identify available dates for the deposition," (Dkt. 66-1 at 5), it is unclear whether this was due to ordinary scheduling conflicts, disagreements about the number of employees necessary for the deposition, or other reasons.

If A.S.C.'s explanation amounts to normal scheduling conflicts, it would fall short. "Scheduling conflicts do not necessarily qualify as good cause for extension of a deadline; judges expect attorneys to be able to work around scheduling difficulties, or to delegate matters to other counsel, so that litigation can proceed uninhibited." *Indep. Sch. Dist. No. 720 v. C.L.*, No. 18-cv-00936 (SRN/DTS), 2018 WL 2108205, at *4 (D. Minn. May 7, 2018).

More importantly, "Plaintiff offers no explanation… [for] why [he] waited until… approximately one month before the close of discovery, to notice and schedule the deposition[] at issue"—especially an extensive and complex 30(b)(6) deposition. *Godo Kaisha IP Bridge 1 v. Omnivision Techs. Inc.*, No. 17-cv-00778-BLF, 2018 LEXIS 201744, at *4 (N.D. Cal. Nov. 27, 2018) (noting that "[w]ithout some explanation for that delay or indication of factors outside Plaintiff's control, the Court cannot conclude that Plaintiff diligently pursued the discovery at issue."); *see also Figlar v. Simonton Windows & Doors, Inc.,* No. 1:23-CV-30, 2024 WL 2787806, at *2 (N.D.W. Va. May 30, 2024) (finding that plaintiff has failed to show good cause because plaintiff did not take any depositions in the case until six weeks before the close of discovery).

For these reasons, the court finds A.S.C. failed to demonstrate good cause for his failure to complete a Rule 30(b)(6) deposition.

2. R.S.'s educational records.

Second, A.S.C. seeks additional time to obtain R.S.'s educational records. A.S.C. states that he "has consistently sought" the records since June 6, 2025 and that—despite defense counsel's indication in September that R.S.'s parent had consented to release of the records—A.S.C. did not receive them by the October deadline. (Dkt. 66-1 at 2-3.)

To the extent "[St. Clair] did not comply" with A.S.C.'s requests, "the appropriate response would have been to make a motion to compel at that time." *Agapito v. AHDS Bagel, LLC,* No. 16-CV-8170 (JPO), 2018 WL 3216119, at *1-2 (S.D.N.Y. May 17, 2018). A.S.C. had ample time to request intervention by this court before the close of discovery. The discovery deadline was October 15, 2025; A.S.C. sought R.S.'s educational records since June 2025; and A.S.C. still had not received R.S.'s records by September 2025. (Dkt. 66-1 at 2-3.) Failing to move to compel on much shorter timelines than this has evinced a lack of due diligence. *See Hurry Family Revocable Tr. v. Frankel,* No. 8:18-cv-2869-T-33CPT, 2020 WL 211072, at *2 (M.D. Fla. Jan. 14, 2020) (noting the court denied a discovery extension in part because "Plaintiffs were aware of… missing documents since August 6 and/or 7, 2019, and failed to file a motion to compel prior to the discovery deadline [of August 9]").

For these reasons, A.S.C. has not demonstrated good cause for his failure to obtain R.S.'s educational records.

## IV.    Conclusion

For the foregoing reasons, the court will **DENY** A.S.C.'s Motion to Extend Discovery

Deadline, (Dkt. 66), as untimely and will **DENY** A.S.C.'s Motion for Extension of Time, (Dkt.

68).

An appropriate Order will issue.

**ENTERED** this <u>20th</u> day of November, 2025.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE